CASE 8—PETITION ORDINARY—DECEMBER 13.

# Beverly, &c., vs. Perkins.

APPEAL FROM GARRARD CIRCUIT COURT.

The return of a sheriff to a summons against infant defendants that he had executed it by delivering a true copy to each of the persons named in it, negatives the presumption that the service was on any other person than the infants; and such of them as were not over fourteen years old were not legally in court. They should have been allowed a trial of the fact of such alleged infancy, and, if found for them, the action should have been dismissed without prejudice. (*Civil. Code, sec. 81.*)

R. M. BRADLEY, for appellants, cited 14 *B. M.*, 542; 1 *Met.*, 19.

G. W. DUNLAP for appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In May, 1860, James W. Desmukes, as administrator of George Evans, sold to his mother, Elizabeth Desmukes, a male slave, Travis, aged sixty years, for the price of $300, for which she gave her note to Jordan Perkins. She was then a widow, old and helpless, living on a small tract of thirty-eight acres of land, her widowed and destitute daughter, Mary Beverly, with several infant children, living with and taking care of her mother, and signing the note also as surety.

Perkins having afterwards obtained a judgment by default for the amount of the note against both principal and surety, they replevied an execution issued to enforce it, and then filed a petition in chancery for enjoining it and obtaining a new trial, on the alleged ground that neither the said J. W. Desmukes, who, in his own right, warranted the title to said slave, nor his intestate, Evans, had any title thereto, and that the petitioners had made the discovery after the execution of the replevin bond. But the petitioners being unable to give security on an injunction bond, Perkins had an execution issued on it and levied on the old lady's little homestead, which was sold by the sheriff, and bought by Hardin Z. Perkins for the debt, which was less than two thirds of the appraised value of the land. And, after the period for redemption had expired, the sheriff conveyed to Hardin Z. Perkins the legal title. Whereupon, this suit for eviction was brought by the purchaser against the children of Mrs. Beverly, both she and her mother having died during the probationary year. After making an issue on a general traverse, they offered, at the next term thereafter, a supplemental answer and cross-petition, alleging that Evans' only title to the slave Travis, was derived from his father's will, which devised that slave to him, but, in the event of his dying without issue, to his surviving brothers and sisters, and thereupon praying for a revivor of the bill for a new trial, for a consolidation of all the cases, and finally for a rescission of the original contract, and a vacation of the sale under execution. But the circuit court refused to permit that answer to be filed, and Perkins obtained a judgment for the land, to reverse which this appeal is prosecuted.

If, as suggested by one of the counsel in this court, the answer was rejected because it had not been offered sooner, the decision would have been an abuse of sound discretion to the prejudice of infants who are not, like competent adults, responsible for any slight negligence of their guardian *ad litem*, whom the court ought to watch as well as to guard and protect their interests.

But there is better ground for the rejection. A new trial and vacation of the original judgment would not affect the title of Perkins to the land purchased by him, under the execution on that judgment, and, therefore, as it could not operate on this suit, its only available effect might be to set aside the original judgment, and entitle the appellants to a restitution of the money for which the land was sold; and even for that purpose its allegations are insufficient for two reasons—1. There is no allegation that George Evans died without issue, or left any surviving brother or sister; and, without this, his title was indefensible under the devise as described in the rejected answer; 2. There is no offer to restore the slave, nor even allegation that he could be restored, nor that the title to him had been questioned, or the use of him disturbed. And, consequently, even as a bill of revivor, it could have no relation to this case, and should not be consolidated with it. And, on these grounds, it was properly rejected. With proper amendments, it might yet be filed for reviving the petition for a new trial of the action on the note.

But the circuit court erred in not instructing the jury that, if they should believe, from the testimony, that any of the defendants, now appellants, were infants under 14 years of age when the summons was served on them, there should be no verdict for the plaintiff. There was evidence to authorize the jury to find that two of the appellants were under 14 years of age at the time of the trial. And, as this was controverted, the jury ought to have been instructed to decide the question by a special verdict; and, in the event of a finding of the hypothetical fact, the court ought to have dismissed the action without prejudice to the right to sue again, and bring the proper parties into court in a responsible attitude; or, if the jury had

found against the assumed fact, and thereupon returned a verdict for the land, the court ought to have rendered a judgment of eviction.

The 81st section of the Code provides that when an infant under 14 years of age shall be sued, the summons shall be served on the infant, and also on the father, or mother, or guardian, if any, or, if none such, then on "any other white person having the care or control of the infant, or with whom he lives." Without some such service, such an infant cannot be represented by a guardian *ad litem*, or brought constructively into court; and any *ex parte* judgment against the minor would be erroneous, as more than once adjudged by this court.

The sheriff returned the summons in this case executed by delivering a copy to each of the persons named in it. As the record shows that the infants had no living father or mother, the sheriff is not presumed to know whether they had guardians, and the return negatives any allowable presumption that the service was on any other person than the infants themselves. We are constrained to decide, therefore, that such of them as were not 14 years old, were not legally or bindingly in court; and the judgment was erroneous, because they were precluded from a trial of the fact of such alleged infancy.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and further proceedings consistent with this opinion.