CASE 31—PETITION EQUITY—OCTOBER 27.

# Allsmiller v. Freutchenicht, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

VOID JUDGMENT—GUARDIAN AD LITEM—DOWER—RENTS AND IM-
PROVEMENTS.—A testator devised all his property to his widow, which
she was to manage and use for the raising of his and her children so
long as she should remain a widow, but upon her marriage the prop-
erty to vest absolutely in the testator's then living children, subject to
his widow's right of dower. The widow having married again, the
executor brought suit against her and against her husband, A., and
against the surviving children of the testator, who were infants, to
settle his accounts as executor, and alleging an indebtedness by A.
and wife to the estate, for which he asked personal judgment. A
guardian *ad litem* was appointed for the infants, but no summons was
issued against them. A. and wife filed an answer, alleging that the
executor had caused to be built a house upon the testator's land, for
which, by the executor's direction, they had paid. An amended an-
swer was then filed, which was made a cross-petition against the exec-
utor, by which A. and wife sought to hold him personally liable for
the sum paid by them for building this house. A second amended
answer was then filed, asking that dower be allotted to the wife of A.
in the land of her former husband, and alleging also that she was en-
titled to the interest in said land of her children who had died. Upon
this pleading a summons was issued against the infants, and a guard-
ian *ad litem* appointed for them. Under these pleadings fifty acres
of land was allotted to the wife of A. as dower and thirty acres was
set apart to her absolutely as compensation for the enhanced value of
the whole tract of land by reason of the improvements. The bound-
ary of the whole eighty acres was given, but not the boundary of the
fifty acres or the thirty acres. The children of the testator, disregard-
ing these proceedings, brought 'suit to have dower allotted to their
mother, and for a division of the land between themselves. A. and
wife relied upon the former proceedings as a bar to the plaintiff's
right of recovery. The court disregarded the former proceedings and
made a new allotment of dower and refused to charge the land with
the improvements. *Held*—

1. The appointment of a guardian *ad litem* for the infants before
they were summoned was void, and did not bring them before the
court.

2. They were not brought before the court except upon the second

amended answer and cross-petition, and are not, therefore, bound by the judgment except as to the matters as to which that pleading related.

3. Neither that pleading nor any other sought to hold the land bound for improvements, and the prayer for general relief was not sufficient for that purpose. Therefore, the judgment charging the land with the improvements is void as to the infants and affords the defendants no protection.

4. As the fifty acres of land attempted to be allotted as dower was not identified by metes and bounds, the attempted allotment was invalid.

5. The mother was not entitled to the interest of her deceased children in the land, for the reason that they died before she married again, the will providing that the land should go to the children living at the time of the widow's marriage. This matter was not determined by the former judgment.

6. The judgment in this case directing the allotment of dower out of the whole tract without reference to the enhanced value of the land by the improvements is correct, as is also the judgment disallowing the improvements as a charge upon the land.

7. The defendants should be charged with rent only for the thirty acres and not for the fifty acres.

HELM & BRUCE FOR APPELLANT.

1. Prayer for general relief under Code of 1854, section 118, authorized a judgment for any relief to which the pleadings showed the party entitled. (5 J. J. M., 125, Pruett v. Graves; 7 J. J. M., 459, Talbot v. Todd; 5 B. M., 98, Rapplee v. Breck; 12 B. M., 587, Basey v. Board.)

2. A judgment is final which determines the right of one to land, though the description of the land be too general to authorize sale without further identification. (2 Dana, 421, Barton v. Campbell; Brittain's Adm'r v. Foley, MS. Op., Feb. 23, 1886.)

DAVIS & DOHERTY AND O'NEAL, JACKSON & PHELPS FOR APPELLEES.

1. A decree allotting dower of "*fifty acres including the dwelling and other buildings*," is void for uncertainty.

2. A defendant not entitled to judgment against co-defendant without cross-pleading setting up grounds for recovery and process thereon. (82 Ky., 135, Case v. Owensboro & Nashville R. R. Co.)

3. In suit to settle an estate, where there are infant heirs, chapter 86 of General Statutes applies. (Code of 1854, secs. 466, 539; 4 Met., 198, Gill v. Givens' Adm'r.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Fred. Klagis, a resident of Jefferson county, Kentucky, died in 1866. At the time of his death he was the owner of a tract of land near the city of Louisville, containing one hundred and fifty-two acres. After his death his will was duly probated in the Jefferson County Court. By this will he devised to his widow (now Mrs. Allsmiller) all his property, which she was to manage and use as she deemed best, except that she should not sell the land, for the raising of his and her children so long as she should remain his widow; but upon her marriage the property was to vest absolutely in his then living children, subject to his widow's right of dower, etc. By this will, Henry Wehmhoff was nominated as executor. He was duly qualified as such executor by the Jefferson County Court.

At the time of Fred. Klagis' death he had a number of children, some by a former wife, and some by his widow. All of these children, except the two appellees, died during infancy, before the marriage of Mrs. Klagis to the appellant, Wm. Allsmiller. The two appellees are children by Fred. Klagis' first marriage, and were also infants at the time of his death. Mrs. Klagis married the appellant, Wm. Allsmiller, within two years after the death of Fred. Klagis.

In 1868, Henry Wehmhoff, as executor of Fred. Klagis, brought suit in the Louisville Chancery Court against Wm. Allsmiller and his wife, formerly Klagis, and the two infant children of Fred. Klagis, who were infants under fourteen years of age, in which suit he sought to have his accounts as executor settled; he

also alleged that Wm. Allsmiller and wife were largely indebted to the estate. The two infants were never served with process to answer this action; but a guardian *ad litem* was appointed to defend for them. Wm. Allsmiller was their statutory guardian.

Wm. Allsmiller and wife, for themselves alone, filed an answer, in which they alleged, among other things, that Henry Wehmhoff, as executor, contracted with one Wedekemper to erect a house on the one hundred and fifty-two acre tract of land at the price of two thousand two hundred and ninety-five dollars and eighty-two cents; that they, by the direction of Wehmhoff, as executor, paid said sum, a part to Wehmhoff himself, which went to Wedekemper, and the other part to Wedekemper. On May 27th, 1870, they filed an amended answer, which they made a cross-petition against Wehmhoff. In this cross-petition they sought to hold Wehmhoff personally responsible for the sum that they paid for building this house. On July 1st, 1870, they filed another amended answer, which they made a cross-petition against the two infants. In this cross-petition they alleged, first, that Mrs. Allsmiller was entitled to dower in the one hundred and fifty-two acre tract of land, which they asked to be allotted; second, that she was entitled to the interest in said tract of land that her children would have been entitled to if they had lived. The two infants were summoned to answer this cross-petition, and a guardian *ad litem* was appointed to defend for them.

Upon the issue made by the amended answer, filed May 27th, 1870, seeking to recover from the execu-

tor the sum of two thousand two hundred and ninety-five dollars and twenty-eight cents, the price of the improvements, the court's commissioner reported that the claim was not a proper charge against the estate, as neither Mrs. Allsmiller nor the executor had the right to erect the improvements on the land and charge the same against the infants. The court sustained the Allsmillers' exceptions to this report, upon the ground that, while the real estate could not be charged with the claim for improvements, the will prohibiting such a charge, the widow, under the will, "had the power to use the personalty at discretion for the benefit of the children."

On April 4th, 1872, the court adjudged that the executor did not contract for the improvements, and he should not, therefore, be charged with them in his settlement with the widow. In the same judgment the court said: "It seems" that the defendants should be entitled as against the children of the testator to pay for the improvements, which they made with their own money, to the extent that they enhanced the value of the land; but upon this subject, and all others not herein disposed of, this cause is retained for further orders. The case was again referred to the court's commissioner to report upon the enhancement of the value of the land by reason of the improvements; the report fixed the enhanced value of the land, by reason of the improvements, at two thousand nine hundred dollars.

This report was confirmed, and in the same order commissioners were appointed to allot dower to Mrs. Allsmiller. The commissioners were directed to allot

to Mrs. Allsmiller one-third of the land in value, including the improvements, and in addition thereto, to set apart to her in her absolute right twenty-nine hundred dollars' worth of land as compensation for the enhanced value of the whole tract of land by reason of the improvements.

The commissioners reported that they allowed Mrs. Allsmiller fifty acres of land, including the improvements, as dower, and thirty acres in addition thereto in her own absolute right, by reason of the improvements, making in all eighty acres. They gave the boundary of the whole eighty acres, but did not give the boundary of the fifty acres or the thirty acres. Thereupon, Allsmiller and wife went into the possession of the whole eighty acres, and have held the possession of the same ever since.

Said children having subsequently married, they and their husbands, disregarding the above-mentioned proceedings, brought suit in the Louisville Law and Equity Court for the purpose of having dower allotted to Mrs. Allsmiller, and a division of said land between themselves. Allsmiller and wife relied, first, upon the above-named proceedings as a bar to the plaintiffs' right of recovery ; second, that if not a bar, they established an enforceable judgment as against the land, which bound the said children for the sum of two thousand nine hundred dollars, etc. The lower court disregarded the defense, and rendered judgment allotting to Mrs. Allsmiller dower in said land without reference to its enhanced value by reason of the improvements, and ordered a division, and reserved the question of rents and costs. From that judgment Allsmiller and wife have appealed to this court.

First. The infants were not served with summons to answer the petition filed by Wehmhoff. His petition was simply to settle his accounts as executor, and to obtain personal judgment against the appellants. By the appellants' answer they relied on the fact that they had paid for the improvements by his direction; and by their amended answer they sought to have judgment for this sum against the executor. The infants were not served with process to answer any of these pleadings. Nothing was sought personally against them. The contest, thus far, was between the executor and the appellants. No judgment could have been rendered against them, because they were not served with summons to answer. Although a guardian *ad litem* was appointed for them, yet they had not been summoned to answer. The appointment of the guardian *ad litem* did not bring them before the court. The appointment itself was void.

Second. The second amended answer of the appellants, filed in the old suit, related only to Mrs. Allsmiller's claim of dower, and her supposed right to the interest that her children would have had in the land had they lived. She was not entitled to any interest in the land on account of her dead children, because they, having died before she married Wm. Allsmiller, they had no inheritable interest in the land, for the reason that the will provides that the land should go to the child living at the time of the widow's marriage.

To this amended answer the infants were made defendants, and served with summons. Any judgment rendered settling the dower right of Mrs. Allsmiller,

or settling her pretensions to an interest in the land as the heir of her dead children, would have bound the infants, because they were properly before the court relative to these two matters, and these two matters only.

The appellants not only did not seek to hold the land bound for these improvements in this amended answer, but did not seek to hold the land liable for them in any of their pleadings. Nor did their prayer for general relief in this amended answer, nor any of their other pleadings, authorize the court to place the improvements as a charge upon the land. The judgment, therefore, charging the land with the improvements, as to the infants, is void, and affords the appellants no protection.

The fifty acres of land attempted to be allotted to Mrs. Allsmiller as dower was not identified by metes and bounds by either the judgment of the court or the commissioner's report ; therefore, the attempted allotment was invalid.

The judgment of the lower court in this case, directing the allotment of dower out of the whole tract of land, without reference to the enhanced value of the land by the improvements, is correct. The judgment of the lower court disallowing the improvements as a charge upon the land is also correct.

But Mrs. Allsmiller's dower should be so laid off as to include the improvements. In this respect the lower court should amend its judgment.

As the appellants have used only fifty acres of the land as dower, which is about equivalent to one-third of the whole tract, both in acreage and value, without

reference to the improvements, they should not be charged with rent for the same. The lower court should confine its inquiry as to rents to the thirty acres of land.

As the question of rents was left open by the lower court, and as its judgment will be amended as above indicated, and as further proceedings will be had in reference to rents, consistent with this opinion, the judgment is affirmed.