CASE 81—PETITION EQUITY—JANUARY 31.

# Cheatham, &c., v. Whitman.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. SERVICE OF SUMMONS ON INFANTS.—If any presumption would arise as against an infant in a case where the officer merely returns the summons as "executed" that it was done properly, such a presumption is certainly rebutted when the return shows in addition how the process was executed, and that it was not executed as required by law.

2. SAME.—Under the old Code a summons against an infant under fourteen years of age was required to be served both upon the infant and upon his father or guardian, if any.

3. SAME.—When a summons against infants is required to be served upon their father, and the father is also a defendant to the action, a service

upon the father as defendant, of a single copy of the summons in which the infants are named with him as defendants, is sufficient, without delivering to him a second copy as their father.

4. A JUDGMENT which is erroneous merely can not be questioned collaterally.

R. H. CUNNINGHAM AND H. F. TURNER FOR APPELLANT.

A judgment against an infant under fourteen years old is void, unless there is service of process on the infant and on the father or guardian, and a subsequent appointment of a guardian ad litem to defend. (Civil Code (1851), sections 55, 56, 81; 9 Dana, 395, Bank of U. S. v. Cockran.)

MONTGOMERY MERRITT FOR APPELLEE.

When the father of the infant defendant is a defendant in the action, services of summons upon the father and upon the infant defendant is sufficient to bring the infant before the court, though the summons upon the father was in his own right only.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The right of the appellants to recover the land in contest turns upon the question whether the judgment against them in the Faulkner suit was *void*. If *erroneous* merely, it can not be questioned collaterally. If the court had not acquired jurisdiction, then it was void.

Briefly stated, the facts are as follows: In 1861, W. W. Cheatham, in consideration of love and affection, conveyed the land to his wife, Mary F. Cheatham, for the benefit of his children. He was then indebted to Faulkner, who in 1867 assailed the conveyance by suit as voluntary. The grantor, the grantee, and their three children were named as defendants in the petition, as well as two creditors, one of whom was named Pitts. Two of the children are now appellants in this action, and the other two appellants are the heirs of the third child, who is deceased.

It appeared from the petition that all three of the children were then infants. A summons issued upon it, in which they as well as W. W. Cheatham and his wife and the defendant creditors were all named, and ordered to be summoned as defendants. The record of that suit does not show whether the infants were then over or under fourteen years of age. The petition in this action avers, however, that they were then under that age ; and as it went off on demurrer, this statement must be regarded as an admitted fact upon this appeal.

This return was made and properly signed upon the summons : "Executed on all other defendants except Carroll Pitts, by delivering them true copies of the within."

A guardian *ad litem* was subsequently appointed for the infant defendants, and an answer in the usual form filed by him. A decree of sale was entered in December, 1867. It does not appear when it was executed, but Faulkner became the purchaser at the sale, and in 1869 conveyed it to the appellee's father, who thereafter devised it to the appellee. So far as disclosed by the record, not only the latter but also his father acquired the land *bona fide*, and without any notice even of any claim by the appellants.

Mrs. Cheatham having died in 1868, the appellants in 1886, or nearly twenty years after the sale, brought this suit to recover it, upon the ground that the Cheatham children were not before the court in the Faulkner suit, and that for want of jurisdiction the decree was void.

Section 55 of the Civil Code of 1851 (then in force) provided : "The defense of an infant must be by his

regular guardian, or by a guardian appointed to defend for him." * *

Section 56, after requiring that the guardian *ad litem* should be appointed by the court or the judge thereof (an amendment of February 9, 1858, authorized it to be done by the clerk in vacation), says: "The appointment can not be made until after service of the summons in the action, as directed in this Code."

This direction was found in section 81: "Where the defendant is an infant, under the age of fourteen years, the service must be upon *him and upon his father or guardian;* or if neither of these can be found, then upon his mother, or any other white person having the care or control of the infant, or with whom he lives. Where the infant is over fourteen years of age, service on him shall be sufficient."

Section 52 of the present Code does not require any service upon the infant, if he be under fourteen. In such a case it must be served upon the father; if none, then upon the guardian; if none, then on the mother; and if he has no mother living, then upon the person in charge of him.

But the old Code in such a case required service both upon the infant and his father or guardian, if either of the latter could be found.

As the record of the Faulkner suit does not show the age of the infants, we would, but for the averment as to it in the petition in this action, upon the authority of Webber, &c., v. Webber, &c., 1 Met., 18, presume that the officer executing the process did his duty, and that the service was sufficient.

The demurrer to the petition admits, however, that

they were not then fourteen years old, and the return shows that the summons was executed by delivering to them a copy.

If any presumption would arise as against an infant in a case where the officer merely returns the summons as "*executed*" that it was done properly, yet it is certainly rebutted when the return shows in addition how it was done, and that it was not executed as required by law. (Case, Davidge, &c., v. Colston, 1 Met., 145; Beverly, &c., v. Perkins, 1 Duvall, 251.)

Here the officer's return shows that the service was merely by delivering a copy to each of the defendants.

Infants are peculiarly under the care of the chancellor as his wards. For this reason, prior to the adoption of our Code, it was held that an actual notification to an infant of the pendency of a suit was not necessary to the jurisdiction of the court. A decree without such service was, therefore, not void as to the infant if a guardian *ad litem* was appointed and defended for him. It was in such a case merely erroneous. The rights of the infant were regarded as under the *ægis* of the court. (Bank of U. S. v. Cockran, 9 Dana, 397; Benningfield v. Reed, &c., 8 B. M., 102 )

The law-making power, however, with the view doubtless of affording greater security to the rights of the infant, provided in the Code of 1851 that the infant should be summoned; and, if under fourteen, that service should also be had upon either his father or guardian, if any. Undoubtedly the object of this provision was to bring notice to one who would naturally feel enough interest in the infant to see that his rights were protected. The purpose of a summons is to give notice.

In the case now in hand, while the father of the infants was a party to the suit, yet the return on the summons does not show that it was served on him as the father of the infant defendants. It was executed on him as a party to the suit. But considering the reason for the rule furnished by the Code, why was this not sufficient as to the infants? They together with the father were named in the copy of the summons, that was delivered to him, as defendants. He was thereby notified that they had been sued. There was no need of delivering a second copy of the summons to him as their father The reason for the law had been fulfilled and its object accomplished as fully as if he had not been a party to the action and a summons had been delivered to him as the father of the infants. (Louisville Industrial Exposition v. Johnson, &c., MS. Opin., September 23, 1879.)

It follows that the court had jurisdiction in the Faulkner suit, and the judgment, therefore, was not void; hence, the one in this action is affirmed.