## Brown v. Brown, et al.

(Decided March 11, 1914.)

### Appeal from Morgan Circuit Court.

1. Judicial Sales—Infants—Process.—Where in an action to enforce a mortgage lien the land is sold and the mortgagor dies before confirmation, and process on a petition for revivor is served individually on infants under 14 years of age, such service is not sufficient to bring such infants before the court, and not being properly summoned, the appointment of the guardian ad litem is void.

2. Judicial Sales—Infants—Process—Insufficient—Effect on Title of Purchaser.—Where in an action to enforce a mortgage lien the land is sold and the mortgagor dies before confirmation, and process on a petition for revivor is improperly served on infants under 14 years of age, and the appointment of a guardian ad litem is therefore void, the order of revivor, the order of confirmation, and the deed executed to the purchaser are void, and the proceedings are not sufficient to vest the purchaser with title.

3. Judicial Sales—Void Sale—Infants—Right to Recover Land, Rents and Timber—Lien Debts—Set-off by Purchaser—Limitation.— Where in an action to enforce certain mortgage liens the land is sold, but the mortgagor subsequently dies, and because the action is not properly revived against his infant children, the order of confirmation and the deed to the purchaser are void, the infant children are not divested of title, and may recover their pro rata share of the land, rents, and timber cut by the purchaser, but the purchaser may set-off against their claims their pro rata share of the lien debts discharged by the purchase money, with interest from the time of payment. Being in possession, limitation does not run against him.

ALLEN N. CISCO, S. MONROE NICKELL for appellant.

McGUIRE & McGUIRE, JOHN B. PHIPPS, BYRD & HOWARD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming on Cross Appeal and Reversing on Original Appeal.

Alleging that they were the owners of five undivided sevenths of a certain tract of land lying in Morgan County, Kentucky, and described in the petition, and that defendant, H. B. Brown, was the owner of an undivided two-sevenths interest therein, and for a number of years had had exclusive possession thereof and had cut timber therefrom of the value of $1,000, plaintiffs, Smith Brown, Lou Day and Robert Day her husband, Ida Brown and Bud Brown, her husband, Rena Myers and Willie Myers, her husband, and Burns Brown by Farlena Brown, her next friend, brought this action against defendant for partition, for an accounting of rents, and to recover the value of the timber cut by him. Defendant denied the title of plaintiffs, and pleaded that he was the sole owner of the land by virtue of a commissioner's deed to him as purchaser in the action of G. B. Allen & Company v. D. B. Brown, formerly pending in the Morgan Circuit Court. He also pleaded limitation. By reply plaintiffs denied the ownership of Brown, and pleaded affirmatively that the order confirming the sale and the commissioner's deed executed to the defendant were void because prior to the confirmation D. B. Brown, the defendant in the action in which the commissioner's deed was made, had died, and the action was never properly revived against plaintiffs, to whom the title descended on the death of their father. During the progress of the action defendant acquired the interests of Lou Day and Rena Myers in the land in controversy. On final hearing, plaintiffs, Ida Brown, Smith Brown and Burns Brown were each adjudged to be the owner of an undivided one-seventh interest in the land in controversy, while defendant was adjudged to be the owner of the other undivided four-sevenths. The court fixed the rents and profits, after paying the taxes and keeping the premises in repair, at $570. The value of the timber cut from the land was fixed at $509. The three plaintiffs, Ida Brown, Smith Brown and Burns Brown, were each given judgment on account of rents and timber in the sum of $154.14. From this judgment defendant appeals, and all the plaintiffs prosecute a cross appeal, based on the insufficient allowance for rents and timber. Since the filing of the cross appeal the two plaintiffs, Lou Day and Rena Myers, have filed in this court a disclaimer of any interest in the litigation, and have asked that the cross appeal so far as they are concerned be dismissed.

The land in controversy was formerly owned by D. B. Brown, the father of plaintiffs. Prior to his death, D. B. Brown and Farlena Brown, his wife, executed to Cecil and Kendall two mortgages on the land in controversy, one for $113.54 on July 27, 1885, the other for $100 on May 3, 1886. On June 30, 1886, they also executed to G. B. Allen and Company a mortgage to secure the payment of the sum of $120. On February 22, 1887, Cecil and Kendall filed suit on their two mortgages, and asked for a sale of the land to satisfy the debt and costs. On March 17, 1887, G. B. Allen and Company also filed suit in the same court, and asked that the land be sold to satisfy their mortgage debt. D. B. Brown and wife were both served with process, and were both before the court in these two suits. Thereafter the plaintiffs in each of these suits were given judgment and the land was ordered sold. The land was sold, and G. B. Allen and Company became the purchasers at the price of $350.27, which was the total amount of the judgments against the property. Before making the sale, the land was appraised at $650. Allen and Company assigned their bid and transferred their purchase to H. B. Brown, the defendant in this action. A report of sale was filed in each of the above actions. In June, 1890, D. B. Brown, father of the plaintiffs herein, died. Thereafter a petition for a revivor against the plaintiffs was filed. On this petition for a revivor process was issued and served on the infant children of H. B. Brown by delivering a copy thereof to each of them. Thereafter a guardian *ad litem* was appointed to defend for them. The guardian *ad litem* filed answer. The sale was confirmed, and the deed on which defendant relies executed to him by the commissioner.

Section 52, Civil Code, is as follows:

"If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him.

"If any of the parties upon whom summons is directed to be served by this section is a plaintiff, then it shall be served on the person who stands first in the order named in said section, and who is not a plaintiff; and if all such persons are plaintiffs, it shall, on the affidavit of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian *ad litem*

for the infant, and the summons shall be served on such guardian.''

No process on the petition for revivor was issued against or served on Farlena Brown, the mother of plaintiffs. The presumption that the officer did his duty is rebutted by the return showing how the process was executed, and that it was not executed as required. Beverly v. Perkins, 1 Duv., 251; Cheatham v. Whitman, 86 Ky., 614. The infants under 14 years of age were not brought before the court by the service of process on them individually. Not being properly summoned, the appointment of the guardian *ad litem* was void, and did not have the effect of bringing such infants before the court. Allsmiller v. Freuchtenicht, 86 Ky., 198; 5 S. W., 746; Lawrence v. Connor, 12 Ky. L. R., 86, 14 S. W., 77; Beverly v. Perkins, *supra;* Roy v. Allen, 118 S. W., 981. That being true, the order of revivor, the order of confirmation, and the deed executed to the defendant, H. B. Brown, were void, and the proceedings were therefore not sufficient to vest him with title. As the three plaintiffs, Ida Brown, Smith Brown and Burns Brown, were not divested of title by the proceedings in question, or in any other way, it follows that they are entitled to recover three-sevenths of the land in question, and also their pro rata share of the rents accruing during defendant's occupancy of the land, and of the value of the timber cut and appropriated by him. However, the land in question did not descend to D. B. Brown's children absolutely. It was subject to the payment of the mortgage liens thereon. These mortgage liens were paid off and discharged by the defendant. Having been in possession of the land since his purchase the statute of limitations has not run against him. Brown v. Spradlin, 136 Ky., 703; 125 S. W., 150.

Plaintiffs cannot, therefore, recover their part of the land together with their pro rata share of the rents and timber cut, without repaying to defendant their pro rata share of the lien debts with interest. The chancellor should have offset the sum recovered by each of the plaintiffs on account of rents and timber cut by one-seventh of $350.27, with six per cent interest thereon from the date of payment by the defendant.

On the question of the rental value of the land, and the value of the timber cut by the defendant, we see no reason to disturb the finding of the chancellor.

Judgment affirmed on cross appeal and reversed on original appeal with directions to enter judgment in conformity with this opinion.