## Fraize, et al. v. Walls.

(Decided April 16, 1918.)

### Appeal from Breckenridge Circuit Court.

Ejectment — Judgment—Collateral Attack—Evidence.—The aver-ment of an amended petition that an infant defendant to that action was over fourteen years of age, at the time of filing of the original petition and service of summons upon her is conclusive as to the age of the infant at that time and will defeat her right to recover in ejectment lands sold in that action, as no infirmity in the judgment ordering the sale is established by the record in such action.

A. R. KINCHELOE, CLAUDE MERCER and ERNEST WOOD-WARD for appellants.

HASWELL & WALLS, D. R. MURRAY and A. J. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

George C. Hawkins died in 1888 leaving a will, by which he devised all of his property, including 311 acres of land involved in this section, to appellee, Mary A. Walls, then Mary A. Hawkins.   In an action filed by his administrator with the will annexed to settle his estate, this land was sold to pay his debts and title thereto has been acquired by appellants from vendees of the pur-chaser at the judicial sale.

Appellee filed this action to recover the land, alleg-ing that the judgment, sale and conveyance in the old suit are void, and that she is the owner of the land.   As this is an original action and not a proceeding under sec-tions 344, 414, or 518, civil code, it is a collateral attack upon the proceedings in the old suit and, unless it af-

firmatively appears from the record in that suit that the judgment, etc., are void, they can not be disturbed in this action. Bamberger v. Green, 146 Ky. 258; Baker v. Baker, Eccles & Co., 162 Ky. 683; Harrod v. Harrod, 167 Ky. 308; Ratliff v. Childers, 178 Ky. 102; Bentley v. Stewart, 180 Ky. 23.

It is insisted by appellee that it affirmatively appears from the record in the old suit that she, the sole devisee of the decedent and a defendant in that action, was then an infant under fourteen years of age and was not legally served with summons; and if this be true, as was held by the chancellor, the judgment, sale and conveyance therein are void, and the judgment herein should be affirmed. Brown v. Brown, 157 Ky. 804; Roy v. Allen's Admr., 118 S. W. 981; Allsmiller v. Freutchenicht, 86 Ky. 198; Lawrence v. Conner, 12 Ky. L. R. 86; Wornack v. Loar, 11 Ky. L. R. 6; Jenkins v. Crofton's Admr., 10 Ky. L. R. 456; Civil Code, sec. 52.

Appellants insist that it appears from the old record that appellee was over fourteen years of age and that she was legally served with summons, and that the judgment therein is not void, but voidable only if erroneous at all.

The sheriff's return makes it clear that the summons was served upon appellee by delivering her a copy thereof, and that it was not served upon another for her as provided by section 52, civil code, it should have been served if she was then under fourteen years of age. This service was, therefore, illegal if she was under fourteen years of age, legal if she was over that age. Beverly v. Perkins, 1 Duv. 251; Cheatham v. Whitman, 86 Ky. 614. And, whether the judgment is void depends entirely upon the age of appellee as appears from the record in that suit.

It is alleged in the original petition that she was an infant under fourteen years of age. After the summons had been served upon her, the plaintiff in that action, who was her father, filed an amended petition alleging that by mistake it was erroneously stated in the petition that appellee was under fourteen years of age, when, as a matter of fact, she was when the petition was filed and when the summons was served upon her over fourteen years of age. After this amended petition had been filed, the court appointed a guardian *ad litem* to defend for her and as such he filed his answer before the judgment

ordering the sale was rendered. It, therefore, appears from the record that the statement in the original petition that appellee was under fourteen years of age was not true and was made by mistake, and that she was, in fact, over fourteen years of age. The amended petition is as much a part of the record as is the original petition; and the record as finally made up before the case was submitted and the judgment rendered does not sustain but refutes appellee's contention, and we are at a loss to understand how it can be maintained that the record in that case affirmatively shows that appellee was then under fourteen years of age. That appellee was not satisfied that that record does show affirmatively that she was then under fourteen years of age is made apparent by the fact that she is now in this action relying upon extrinsic evidence to establish that fact. That judgment is void only if its infirmity is affirmatively established by the record in that action, and as this does not affirmatively appear from the record, the judgment is not void but voidable only, if erroneous, and assailable only by direct attack in one of the ways provided by the code.

Wherefore, the judgment is reversed for proceedings consistent herewith.