## Holloway v. Brown, By &c.

(Decided October 25, 1918.)

### Appeal from Spencer Circuit Court.

1. **Infants—Judicial Sales—Appointment of Guardian Ad Litem—Prerequisite.**—Under Civil Code of Practice, section 38, providing that no appointment of a guardian ad litem shall be made until the defendant has been summoned, the appointment of a guardian

ad litem for an infant defendant before the infant is served with process is void and does not have the effect of bringing such infant before the court.

2.  Infants—Appointment of Guardian Ad Litem—Effect of Invalid Appointment.—A judgment ordering the sale of lands, in which an infant is jointly interested, is void as to such infant where the appointment of the guardian ad litem was void because made before service of process upon the infant.

3.  Infants—Judicial Sales—Parties—Authority of Trustee.—The rule that a guardian may bring an action pursuant to subsection 2, section 490, Civil Code, for and on behalf of his infant ward without making the infant either a party plaintiff or defendant is based upon the peculiar provisions of the Civil Code, and will not be extended so as to embrace the trustee of an infant, especially where the latter not only represents the interest of others, but is himself jointly interested in the property sought to be sold.

4.  Wills—Devise to Tenants in Common or Joint Tenants—Death of Devisee Before Testator—Effect.—Where a testator devised his property to his two full brothers, naming them, and his half-brother, naming him, "Equally, each of the three to share and share alike, making no distinction between them," and his half-brother died without descendants before the testator, his portion of the estate passed to the surviving devisees under section 2064, Kentucky Statutes, which provides that when a devise is made to several as a class, or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees unless a different disposition is made by the devisor.

5.  Appeal and Error—Equity Case—Questions Undecided Below—Review.—The Court of Appeals is a court of errors and not of original jurisdiction, and will not adjudicate questions not decided below.

SAMUEL K. BAIRD for appellant.

EDWARDS, OGDEN & PEAK, BEARD & RIVES and L. W. ROSS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on original and cross appeal.

In the year 1890 Wm. G. Holloway died intestate, a resident of Spencer county, and the owner of a farm of 225 acres in that county. He was survived by his widow and five children, Edward T., Lemuel, Theodore, Walter and Lillie. Lillie afterwards married Thompson Arnold, by whom she had one child, Bessie Arnold. At the time of W. G. Holloway's marriage his wife had a child by the name of John Neal. Mrs. Holloway died in the

year 1895.  Lillie Arnold died November 14th, 1898, leaving a will by which she devised her property to her four brothers and her half-brother, John Neal, in trust for her daughter, Bessie, but provided that if her daughter, Bessie, should die at any time without issue her estate should go to her five brothers named as trustees.  Theodore Holloway died on December 28, 1898, intestate and without issue.  E. T. Holloway qualified as administrator of his father, Wm. G. Holloway, and settled the estate.  He also qualified as executor of his sister, Lillie Arnold, and as trustee under her will of her daughetr, Bessie, and also as administrator of Theodore.

On February 21, 1899, E. T. Holloway, suing in his own right, and as executor of Lillie Arnold, and as trustee of her daughter, Bessie Arnold, and as administrator of Theodore Holloway, together with Lemuel L. Holloway and John Neal, brought suit against Walter Holloway, an infant over fourteen years of age, and Bessie Arnold, then an infant under fourteen years of age, to sell the 225 acres of land owned by Wm. G. Holloway, on the ground that the plaintiffs and defendants owned a joint estate in possession, and that the land could not be divided without materially impairing its value or the value of plantiffs' and defendants' interests therein. The land was sold and John Neal became the purchaser. He then assigned a ⅜ interest to E. T. Holloway and a ⅜ interest to Walter Holloway, retaining a 2-8 interest for himself.  The sale was confirmed and a deed made conveying the land to the three purchasers in conformity with the above assignment.

In 1904 John Neal died, leaving a will by which he devised his interest in above tract of land to his three brothers, E. T., Lemuel L. and Walter.

In 1905 Walter S. Holloway died, leaving a will by which he devised all of his property, after the payment of his debts, to his two full brothers, E. T. Holloway and Lemuel L. Holloway, and to his half-brother, John A. Neal, equally.

Lemuel L. Holloway afterwards died intestate, leaving a widow, Willie E. Holloway, and two infant children, Carl and Elsie Lee Holloway.

E. T. Holloway now has the paper title to the entire 225 acre tract.

On January 27, 1915, Bessie Arnold Brown, through her husband and guardian, George L. Brown, brought suit against E. T. Holloway to recover her 1-5 interest in the 225 acres of land, which she received under the will of her mother and her 2-45 interest therein, which she inherited from her uncle, Theodore, both on the ground that the judgment of sale was void, and that E. T. Holloway, who was then her trustee, was disqualified from making the purchase, and thereafter held the land in trust for her. About the same time she had the old suit, in which the sale was made, redocketed, and asserted her claim in that action. The two suits were consolidated. On final hearing, it was adjudged that Bessie Arnold Brown recover of E. T. Holloway her 1-5 interest in the land devised to her by her mother and her 2-45 interest therein, inherited from her uncle, Theodore, together with the reasonable rental value of such interests, with 6% interest thereon from the close of each year, the said rental value, however, to be credited by Bessie Arnold Brown's proportionate part of any permanent improvements placed on the land, and her proportionate part of any taxes paid by E. T. Holloway, together with the interest thereon, from the time of such payments until discharged by the rents. It was also adjudged that the 1-5 interest in the land was chargeable with the debts of her mother, Lillie B. Arnold, legally proven and paid by the defendant, and her 2-45 interest in said land inherited from her uncle Theodore should be charged with the legal debts of Theodore, which were paid by E. T. Holloway, until discharged by rents; but, that if the rents were insufficient for that purpose the excess of the legal debts of Lillie Arnold should become a charge on 1-5 of the land, while Bessie Brown's proportionate part of the excess of the legal debts of Theodore Holloway should become a charge on her 2-45 of the land. It was also adjudged that Bessie Arnold Brown had no interest in the estate of W. S. Holloway. The cause was then referred to Master Commissioner, to report on the rents, debts and other items. E. T. Holloway appeals and Bessie Arnold Brown prosecutes a cross-appeal.

It appears from the proceedings in the old suit, in which the 225 acre tract of land was sold that a guardian *ad litem* was appointed for Bessie Arnold before she had been properly served with process. In view of the fact that section 38, Civil Code, provides that "no

appointment of a guardian *ad litem* shall be made until the defendant is summoned," we have frequently ruled that the appointment of a guardian *ad litem* for an infant, before the infant is served with process, is void and does not have the effect of bringing such infant before the court. Allsmiller v. Freutchenight, 86 Ky. 198, 5 S. W. 746; Lawrence v. Connor, 12 Ky. Law Rep., 86, 14 S. W. 77; Beverly v. Perkins, 1 Duv. 251; Cheatham v. Whitman, 86 Ky. 614; Roy v. Allen, 118 S. W. 981; Brown v. Brown, 157 Ky. 804, 164 S. W. 70. That being true, the judgment of sale in the old suit was void and the title of Bessie Arnold Brown did not pass to the purchasers. Brown v. Brown, *supra*. But we are asked to hold that it was not necessary to make Bessie Arnold a party defendant to that suit because the suit was brought by her trustee. It is true that we have held that a guardian might bring an action, pursuant to sub-section 2, section 490, Civil Code, for and on behalf of his infant ward, without making the infant either a party plaintiff or defendant, Ellis v. Smith's Guardian, 147 Ky. 99, 143 S. W. 776, but that rule is based upon the peculiar provisions of the Civil Code, and we are not inclined to extend the rule so as to embrace the trustee of an infant, especially where the trustee not only represents the interests of others, but is himself jointly interested in the property sought to be sold.

On the cross-appeal it is insisted that the court erred in refusing to adjudge Bessie Arnold Brown any interest in the estate of Walter S. Holloway. After directing that his debts and funeral expenses be paid and a suitable monument erected, the will of Walter S. Holloway provides, "All the residue of my estate, both real and personal, and whatsoever character and wheresoever situated, I will, bequeath and devise to my two full brothers, Ed. T. Holloway and Lemuel L. Holloway, and my half-brother, John A. Neal, equally, each of the three to share and share alike, making no distinction between them." John Neal, one of the devisees, died before the testator and it is the contention of Bessie Arnold Brown that the interest devised to him passed as undevised estate. It is clear that this case is controlled by section 2064, Kentucky Statutes, which is as follows:

"When a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more

of the devisees shall die before the testator and another or others survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees unless a different disposition is made by the devisor. A devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise."

It will be observed that this statute provides that when a devise is made to several as a class, or as tenants in common, or as joint tenants, and one or more of the devisees dies before the testator and another or others shall survive the testator, the share or shares of such as die shall go to his or their descendants, if any, but if such devisee leaves no descendants his share goes to the surviving devisees, unless a different disposition is made by the devisor. Here, the devise was to E. T. Holloway, Lemuel L. Holloway and John A. Neal, equally, share and share alike. It is unnecessary to determine whether the estate thus created was a tenancy in common or a joint tenancy. Necessarily it was the one or the other and in either event the statute applies. The word "descendants," in the statute, means those who have issued from an individual, and includes his children, grandchildren and their children to the remotest degree. Slote v. Reiss, 153 Ky. 30, 154 S. W. 405, and does not include collateral relations.

John Neal left no descendants. Since the testator made no other disposition of the property it necessarily follows that his entire estate passed to the surviving devisees, E. T. Holloway and Lemuel L. Holloway, and the chancellor did not err in adjudging that Bessie Arnold Brown was not entitled to any portion thereof.

In view of the fact that this is an equity case, we are asked to adjudicate the questions of rents, improvements, taxes, debts, etc., and direct what judgment shall be entered on return of the case. It must be remembered, however, that the chancellor did not pass on these questions but left them to the Master Commissioner to hear proof and report thereon. Since this is a court of errors and not of original jurisdiction, it is not our practice to adjudicate questions which have not been decided below.

Judgment affirmed both on original and cross appeal.