## Bishop, et al. v. Bishop.

(Decided March 23, 1926.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Pleading—Allegations of Petition on Demurrer are Taken as True, and on Appeal After Demurrer was Sustained Evidence Contradictory Thereof Cannot be Considered.—Allegations of petition on demurrer are taken as true, and on appeal after demurrer was sustained evidence in contradiction of allegations cannot be considered.

2. Judgment—Action Held Not to have Stood for Trial when Default Judgment was Entered, all Defendants Not Having Been Served, Nor was Plaintiff Entitled to Dismiss as to Those Not Served (Civil Code of Practice, Sections 366, 367).—Under Civil Code of Practice, sections 366, 367, suit against part of heirs of one deceased to establish title to land claimed to have been purchased from deceased and to have been held by plaintiff in adverse possession for 15 years held not to have stood for trial when default judgment was entered before service of summons on all parties defendants, nor was plaintiff entitled to dismiss as to parties not served.

3. Judgment—Petition in Action to Set Aside Judgment Held Required to be Treated as Motion to Correct Misprision (Civil Code of Practice, Sections 134, 517, 518, 519).—Petition in action to set aside default judgment as entered before case stood for trial, filed just after court adjourned, held, under Civil Code of Practice, sections 134, 517, 518, 519, required to be treated as motion to correct a misprision.

4. Judgment—Petition in Action to Set Aside Default Judgment in Suit to Establish Title to Land Held to Show Good Defense (Civil Code of Practice, Section 520).—Petition in action to set aside default judgment in suit against part of heirs of one deceased to establish title to land, asserting that claimant's alleged contract with deceased was parol and not enforceable, and that claimant's possession had been permissive and not adverse, and that deeds to claimant were not given in recognition of his claims and that claimant was estopped, held, under Civil Code of Practice, section 520, to sufficiently show good defense.

5. Motions.—Where judge failed to sign order book containing orders in partition suit, judge in office at later term may do so.

FRANK W. STOWERS for appellants.

STATON & KEESEE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

W. E. Bishop died intestate about the year 1911 a resident of Pike county, the owner of four tracts of land, leaving surviving him his widow, Emma Bishop, and ten children, also seven grandchildren, the children of his deceased son, Ardell Bishop. After his death, by a proceeding in the Pike county court, the land was divided. On January 20, 1924, Butler Bishop, one of the sons, filed his petition in equity against the widow and seven of the surviving children of his father and the heirs of Orpha Bishop, deceased, in which he alleged that he purchased from his father, in the year 1905, a certain tract of land, and paid his father $150.00 for it; that his father placed him in actual possession of the land and recognized his rights thereto by purchasing timber from him; that he had been in the actual, continuous and uninterrupted adverse possession of the land for more than fifteen years; that in the meantime his father died and to carry out the contract of the father with him, five of the children had conveyed the land to him; that he was not a party to the suit in the county court to divide the land; did not know anything about that proceeding, and that in fact no judgment had been signed there. He alleged

that the defendants were setting up title to the land and he prayed that he be adjudged the owner of the land; that the deeds made in the county court proceedings to the land be held void and set aside and that his title be quieted. On November 15, 1924, a judgment was entered reciting that all the parties having been duly served with process and no answer having been filed the allegations of the petition were taken as true and judgment was entered as prayed in the petition. On December 20, 1924, the widow, the other children and the grandchildren brought this action against Butler Bishop to set aside the default judgment and to obtain a new trial. They alleged in their petition that all of the heirs were not made parties defendant; that some of the children had sold their lands to others and these persons were not made parties defendant; that none of the children of the deceased son were made parties to the action or served with process. By an amendment to the petition they alleged that a summons was executed upon Crockett Shortridge, Bina Bishop and Andrew Blackburn, but that no summons was ever executed upon any of the other defendants; that in pursuance to the summons Crockett Shortridge, upon whom the summons had been executed, came to Pikeville from his home, twenty-five miles away, and employed an attorney, T. B. Stratton, to represent those upon whom process had been served, and he, with the attorney, went to the office of the clerk of the Pike circuit court in February, 1923, and soon after the action was filed there searched diligently for the petition and papers in the case in order to get the petition and make defense to it; but they were wholly unable to find any of the papers and there was nothing on the records in the clerk's office to show the filing of the action, except it was noted on the fee book and perhaps on the docket also; that shortly thereafter he came again to Pikeville and made another diligent search for the papers but was unable to find any; for this reason no answer was filed; and as soon as they heard the judgment was entered they again made an effort to find the papers, but were unable to do so, and they are still lost and can not be found; but their attorney located a copy of the petition and they then immediately filed this action for a new trial, as the judgment went against them by default and they were thus taken by surprise and it had been impossible for them to answer for the reasons above alleged. They further alleged that on June 21, 1924, the plaintiff in that

action took the depositions of himself and Perry Bishop, but that no notice was given any of them of the taking of these depositions and they did not hear anything of them until after the judgment was rendered. They alleged that the judgment was absolutely void except as to the three persons upon whom the process was served; they set up the proceedings in the partition action in the county court and alleged that the summons was duly served upon Butler Bishop in that action; that he was a party to it and that a valid judgment was rendered there and that he was estopped to set up any claim to the land thereby. They denied that the deeds relied on by Butler Bishop were made to confirm to him the title to the land and alleged that they were only made to confirm to him title to the land set apart to him in the partition. They also alleged that on the 5th of January, 1925, in vacation, this order was entered in the suit in which the default judgment had been rendered, ''dismissed at plaintiff's costs,'' but this order was void because rendered out of term time and that the old action was still on the docket. They prayed that the default judgment be set aside and that they be permitted to answer the petition on which the default judgment was rendered. Process was issued on the petition on February 23, 1925; the first Monday in each month is rule day. The summons was served on March 2, 1925. On April 9, 1925, which was the fourth day of the term, Butler Bishop filed a general demurrer to the petition. The court sustained the demurrer. The plaintiffs appeal.

It will be observed that it is alleged in the petition that only three of the defendants in the former suit were served with process or before the court. The demurrer to the petition admits this to be true. It is said in the brief for appellee that there is evidence that the process was served on all the parties. But this cannot be considered on a demurrer to the petition. It remains, therefore, to determine whether the judgment was regular on the facts alleged in the petition. Sections 366 and 367 of the Civil Code provide:

''The plaintiff shall be entitled to a trial in an equitable action, at the first term after the summons has been served on all defendants, as provided in section 102, if no issue of fact be made by the pleadings; or, if the plaintiff consent that the statements of the answer may be taken as true.''

"If the summons in an equitable action have been served in due time on part only of the defendants, the plaintiff may dismiss his action as to those not summoned, and proceed to trial as to the others, if he could have maintained his action against them without joining those not summoned."

The plaintiff did not dismiss the action as to the defendants not summoned. He could not have maintained an action against them without joining those not summoned. It follows, therefore, that the action did not stand for trial and no judgment should have been entered. Section 517 of the Code provides that it shall be deemed a clerical misprision to render judgment before the action stood for trial pursuant to the provisions of the Code. Section 518 provides that the court in which a judgment has been rendered shall have power, after the expiration of the term to vacate or modify it for misprisions of the clerk, for fraud practiced by the successful party in obtaining judgment or for unavoidable casualty or misfortune, preventing the party from appearing or defending. Section 519 provides that the proceedings to correct misprisions of the clerk shall be upon motion, upon reasonable notice to the adverse party or his attorney in the action and that the motion to vacate a judgment because of its rendition before the action regularly stood for trial can not be made after the expiration of the first three days of the succeeding term. Under these provisions of the Code the irregularity in entering judgment when all the defendants had not been summoned might have been reached by a motion under section 519 of the Code. But the petition setting out all the facts was substantially a motion for this purpose. It was filed just after the court adjourned. The process was promptly served. The defense to the petition was due on the third day of the term, so the proceeding by petition, while irregular, brought before the court all the facts just as well as a motion under section 519 would have done. Section 134 of the Code provides:

"The court must in every stage of an action disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party."

No substantial right of the defendant was affected by the form in which the application was made to set aside

the judgment as prematurely rendered. One of the clear purposes of the Code of Practice is to avoid the effect formerly given to technical errors in procedure and under its plain provision the petition here must be treated as a motion to correct the error in entering judgment before the action stood for trial.

It is urged that by section 520 the petition must disclose the defense to the action, and that the petition here is not sufficient for that purpose. But it is denied in the petition that Butler Bishop made any purchase from his father or that he paid any consideration to his father and it is alleged that the whole alleged transaction was by parol and within the statute of frauds; that the possession of Butler Bishop was permissive and by the consent of his father and never adverse, and did not exist for fifteen years; that the land named was sold by the creditors of W. E. Bishop to settle his estate and failing to bring two-thirds of its appraised value was redeemed within a year by the heirs of W. E. Bishop; that Butler Bishop, with the other heirs, recognized it to be the land of W. E. Bishop and each paid his *pro rata* part necessary to redeem it; that it was redeemed as the land of W. E. Bishop, and the widow, Emma Bishop, held possession of it until it was divided between the heirs, and no one ever asserted any adverse title to it until about the time Butler Bishop filed his petition; that in the partition proceeding Butler Bishop was brought before the court and all the lands were divided; each heir took the part allotted to him and had been in possession for more than ten years when Butler Bishop brought his suit, and that he was then estopped to deny title of W. E. Bishop or to deny the title of the other heirs. The other facts above stated were also alleged in the plaintiff's petition, which clearly discloses a meritorious defense to Butler Bishop's action, and as the allegations of the petition are taken as true upon the demurrer, the court should have overruled the demurrer and heard the case on the merits.

The verbal contract alleged to have been made between Butler Bishop and his father was invalid under the statute of frauds, and no action could be maintained to enforce it. The court does not now pass upon the other grounds relied on to set aside the judgment, as these may be better determined when all the facts are before the court. If the county judge has failed to sign the order book in which the orders in the partition proceedings were entered, these orders may yet be signed by the

county judge now in office, upon motion as pointed out in Montgomery v. Viers, 130 Ky 694.

Judgment reversed and cause remanded with directions to the circuit court to overrule the demurrer to the petition and for further proceedings consistent herewith.