## First State Bank of Elkhorn City v. Thacker's Administratrix, et al.

(Decided June 15, 1926.)

### Appeal from Pike Circuit Court.

1. Judgment.—Order confirming sale of realty, made in suit by creditor for settlement of decedent's estate and sale of decedent's property, is a "final order."

2. Judgment.—Court cannot set aside void judgment on motion under Civil Code of Practice, section 763, unless notice of motion has been given to parties affected.

3. Infants—Unless Infant is Summoned Before Guardian Ad Litem is Appointed, Subsequent Sale of Realty in which he has Interest is Void (Civil Code of Practice, sections 38, 52, 517).—Under Civil Code of Practice, sections 38, 52, 517, unless an infant is summoned before guardian ad litem is appointed, he is not before court, and appointment of guardian ad litem and sale of reality in which infant has interest is void.

4.  Judgment—Petition to Set. Aside Judgment Stating the Facts
    Made at Subsequent Term is, in Substance, Motion to Set Judg-
    ment Aside (Civil Code of Practice, section 518, subds. 4-8; section
    134).—Petition to set aside void judgment, stating the facts made
    at subsequent term under Civil Code of Practice, section .518,
    subds. 4-8, is, in substance, a motion to set judgment aside, and
    form thereof is governed by section 134.

STRATTON & STEPHENSON for appellant.

A. F. CHILDERS and MOORE & CHILDERS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

John Thacker died intestate in 1922, leaving surviv-
ing him his wife, Ada Thacker, and six infant children
under fourteen years of age. The two youngest remained
with the mother; the four older were the children of his
first wife and lived with her kindred. John Thacker
owned at his death a house and lot in Elkhorn City. He
owed, among other things, a debt to the First State Bank
of Elkhorn City. Ada Thacker qualified as the adminis-
tratrix of the estate. The bank on July 26, 1923, brought
this suit against her and the children for a settlement of
the estate and the sale of the property. The clerk then
made an order on the petition appointing a guardian *ad
litem* for the children. Process was issued which was
served on her and on the guardian *ad litem.* Ada Thacker
filed a separate answer setting up her claim for dower
and consenting that the whole property might be sold as
prayed in the petition as it was indivisible. The guardian
*ad litem* filed his report; the case was referred to the mas-
ter commissioner to report the debts and the assets of the
estate. He filed a report and no exceptions being filed
the court entered judgment on March 27, 1924, for a sale
of the property. The sale was made on May 5, 1924; the
bank became the purchaser; the sale was reported to the
court and no exceptions being filed was confirmed on
July 10, 1924. The next order appearing in the case was
entered on May 2, 1925, which recites that the cause
coming on for hearing on the written exceptions filed by,
the purchaser and the affidavits in support of the excep-
tion, the bank moved the court to set aside the decree
of sale, and upon consideration of the motion the court
adjudged that the report of sale be set aside upon con-
dition that the plaintiff guarantee a bid equal to the
amount of the bid at the last sale. The bank declined to

make any guaranty and thereupon the court overruled the motion to set aside the judgment and report of sale and overruled the exceptions thereto. From this judgment the bank appeals.

The grounds upon which this motion was entered were that the infants had not been properly served with process and were not before the court; that the order of the clerk appointing a guardian *ad litem* for them was void, and that the bank did not obtain title to the property by the sale.

The sale was regularly confirmed on July 10, 1924. The motion to set it aside was made on May 2, 1925, without notice to anyone, so far as appears in the record, and without an appearance by anyone to the motion. The order confirming the sale was a final order. Dawson v. Litsey, 10 Bush 408; Kincaid v. Tutt, 88 Ky. 392; Ramey v. Francis, 169 Ky. 469.

The court was without jurisdiction at a subsequent term to set aside this final judgment upon a motion made in the action without notice to the parties affected. If a judgment is void, a motion to set it aside must be made before an appeal is taken. Civil Code, section 763. But notice must be given of such a motion and without notice to the parties the court is without authority to sustain the motion.

By section 517 of the Code it is a clerical misprision to render judgment against an infant until a defense is filed pursuant to the provisions of the Code, and by section 518 of the Code the court may modify or vacate a judgment on certain grounds. By section 519 a clerical error may be corrected at a subsequent term upon reasonable notice to the adverse party or his attorney in the action. By section 520 proceedings to vacate a judgment under subsections 4, 5, 6, 7 and 8 of section 518 must be by petition.

The clerk is only authorized to appoint a guardian *ad litem* before the infant is served, if all the parties on whom the process may be served under the statute are plaintiffs in the action, section 52; and no appointment of a guardian *ad litem* in other cases shall be made until the infant is summoned or a person is summoned for him, section 38. None of the parties upon whom the process might be served were plaintiffs in the action. A guardian *ad litem* had not been legally appointed. Defense was not, therefore, filed for the infant as provided by the Code. Formerly the rule was that if the infant was not summoned but a guardian *ad litem* was appointed

for him and filed report, the judgment was voidable but not void. 1 Newman on Pleading, section 74-b. But the rule under the present Code now is that unless the infant is summoned, he is not before the court and all that is done is done without jurisdiction. Roy v. Allen, 118 S. W. 981; Brown v. Brown, 157 Ky. 804; Holloway v. Brown, 181 Ky. 716; Crume v. Sherman, 185 Ky. 376; Charette v. Trust Co., 214 Ky. 400. In Ratcliff v. Childers, 178 Ky. 102, the process was in fact legally served, Cheatham v. Wilson, 86 Ky. 614; Webb v. Webb, 190 Ky. 574; Cain v. Hall, 211 Ky. 817; and the judgment was also from lapse of time presumptively correct on collateral attack. Jones v. Edwards, 78 Ky. 6; Berry v. Foster, 58 S. W. 709; Northcut v. Reid, 75 S. W. 206.

If any reasons exist for opening the judgment under subsections 4, 5, 6, 7 and 8 of section 518 of the Code a petition to that end may be filed and on such a petition stating facts, if it turns out that the judgment was void, the plaintiff may have such relief as the court deems proper. For a petition to set aside the judgment stating the facts is, in substance, a motion to set it aside. Section 134 of the Code covers such matters of form. Bishop v. Bishop, 213 Ky. 703.

No notice having been given of the motion to set aside the judgment entered at a previous term the defendants were not before the court on the motion and the motion was properly overruled. The order will not be a bar to another proceeding on proper notice.

Judgment affirmed.