# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY,

JANUARY TERM, 1891.

CASE 13—PETITION EQUITY—JANUARY 8, 1891.

## Thompson, &c., v. Moore.

APPEAL FROM FLEMING CIRCUIT COURT.

1. PAROL AUTHORITY IS NOT SUFFICIENT TO AUTHORIZE A SPECIAL BAILIFF TO SERVE A SUMMONS, and no subsequent authority by the sheriff, although in writing, can make such a service valid. Therefore, it was error to allow the sheriff, after judgment, to indorse upon the summons a written authority to the special bailiff to execute it, it having been executed pursuant to a mere parol authority; and such indorsement did not make the service valid.

2. A SPECIAL BAILIFF having made a return of "not found" upon a summons which he was authorized in writing to execute, his power was exhausted, and a new power in writing was necessary to authorize him to serve an alias summons.

3. IT WAS PROPER TO ALLOW THE SHERIFF TO AMEND HIS RETURN upon the summons after judgment, even as against infant defendants, for the purpose of showing the facts as to the mode of service.

4. APPEARANCE ENTERED BY APPEALING FROM VOID JUDGMENT.— Although the judgment against appellant was void because he had not been served with process, he should, upon the return of the case, be regarded as before the court without an additional summons.

Thompson, &c., v. Moore.

EDWARD W. HINES FOR APPELLANTS.

In the absence of an indorsement on the summons conferring authority,
    service by a special bailiff is void, and can not be made valid by a
    subsequent indorsement on the summons.
        There must be a strict compliance with the statute providing for
    service of summons by a special bailiff.  (Simms, &c., v. Simms, &c.,
    88 Ky., 642.)

J. H. POWER OF COUNSEL ON SAME SIDE.

R. GUDGELL FOR APPELLEE.

It is the right and duty of the sheriff to amend an erroneous return upon
    process.  (Civil Code, secs. 47, 49; Armstrong, &c., v. Easton, 1 B.
    M., 66; Newton v. Prather, 1 Duv., 102.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was an action to enforce a lien upon land, re-
sulting in a judgment by default that is now sought
to be set aside for the want of service of process on
the defendants. On the motion to set aside the judg-
ment the officer was allowed to amend his return as
to the mode of service on the infant defendants, and
it appearing by the amended return that he had de-
livered a copy to each one of the infants (they being
over fourteen years of age) in time for judgment, that
error in the proceeding was cured.

As to the appellant, Thompson, it appears that the
sheriff had, by an indorsement on the summons,
authorized a special bailiff to execute it as provided
by subsection 2, section 47, Carroll's Civil Code. That
summons had been returned by the special bailiff *not
found* as to Sherman Thompson, when an alias sum-
mons issued, and was served by the same bailiff with-
out any indorsement by the sheriff giving this special
deputy the power to execute it. The power to serve
had been exhausted by the deputy after his return on

the original summons *not found* as to Sherman Thompson, and a new power had to be given authorizing him to serve the alias summons. This was not done, and yet the sheriff was permitted to amend what is called his return by making the indorsement on the alias summons after the judgment had been rendered. The sheriff was not, in fact, amending his return, but was attempting, after judgment, to confer a power in order that it might relate back, so as to make an illegal service effectual. If the special deputy, acting under a parol authority, had no right to serve the summons, no subsequent authority by the sheriff could make such a service valid. The Code, in this regard, must be followed, and no parol authority ought to be held sufficient to authorize a special bailiff to execute the summons.

It is insisted by counsel for the appellee that the record shows the loss of an alias summons, on which the indorsement was made and summons had, and that the indorsement on the alias is but a copy of that lost summons that was, in fact, served. The record shows that this is not the true state of case, as is apparent from the certificate of the clerk on the return of the certiorari.

The judgment is reversed, and remanded with directions to set aside the judgment, and for proceedings consistent with this opinion. The parties must now be regarded as before the court, without an additional summons.