CASE 79.—ACTION BY LEONARD HOLLAND AGAINST LULA BERRYHILL FOR SLANDER.—February 14.

# Berryhill v. Holland

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Infants—Judgments—Effect.—Where an infant was sued for slander and was served with process, and no guardian or guardian ad litem was appointed for him, and no evidence was heard by the jury, a judgment rendered against him pro confesso was erroneous, but not void.

2. Same—Judgment—Vacation.—Under Civil Code Prac., section 518, the trial court may vacate or modify a judgment against an infant after the expiration of the term, where the disability

Berryhill v. Holland.

of the defendant did not appear in the record; there being no remedy by appeal.

3. Same—Proceedings to Vacate—Failure to Verify Petition— Effect.—The failure of plaintiff to verify his petition for the vacation of an erroneous judgment rendered against him while he was an infant, as required by Civil Code Prac., section 520, did not make the petition demurrable.

4. Same—Sufficiency of Petition—Allegations of Defense.— Though Civil Code Prac., section 520, requires a petition for the vacation of certain judgments to set forth the defense to the action, if the party applying is the defendant, a judgment awarded against an infant in a slander suit, without any defense by a guardian or guardian ad litem, and without any proof could not stand, though the infant in his petition for the vacation of a judgment did not set forth any defense to the action, since under the law all allegations against an infant must be proven, though not traversed.

HESTER & WALLACE and GREENE & VANWINKLE, attorneys for appellant.

POINTS AND AUTHORITIES CITED.

1. Infants over 14 must be served personally with process. (Civil Code, 48 and 52.)

2. Failure to appoint guardian ad litem renders judgment erroneous merely and not void. (Oliver v. Park, 39 S. W., 423, 19 Ky. Law Rep., 179; Kellar v. Wilson, 90 Ky., 350, 14 S. W., 332; Simmons v. McKay, 3 Bush, 25; Pond v. Doneghy, 18 B. Mon., 558; Smith v. Ferguson, 3 Metc., 424; Richards v. Richards, 10 Bush, 617; Norfleet's Adm'r v. Logan, 54 S. W., 713, 21 Ky. Law Rep., 1200; Myers v. Pedigo, 72 S. W., 734, 24 Ky. Law Rep., 1923.)

3. Proper procedure in case of erroneous judgment. (Sections 391 and 518, sub-sec. 5, Civil Code; see also case of Camp v. Second Nat. Bank, 3 Ky. Law Rep., 326; Jaggard on Torts, p. 159; Drane, &c., v. Pauley, &c., 8 Ky. Law Rep., 530; Hill v. Becker, 9 Ky. Law Rep., 619; Rogers, &c., v. Aulick, 2 Duvall, 419; Norfleet's Adm'r v. Logan, 21 Ky. Law Rep., 1201; Allen &c., v. Troutman's Heirs, 10 Bush, 62; Park v. Bolinger, 10 Ky. Law Rep., 306; Louisville Tobacco Warehouse Co. v. Wood & Bumgardner, 26th Ky. Law Reporter, 772.)

Berryhill v. Holland.

W. J. WEBB, attorney for appellee.

QUESTIONS MADE AND AUTHORITIES CITED.

The infancy of the defendant not being disclosed, and the judgment being for tort, he had no remedy either by appeal, or motion for new trial and the judgment was void.   (Civil Code, section 391; Civil Code, section 518-5.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On June 5, 1901, Lula Berryhill filed a petition in the Graves circuit court against Leonard Holland, alleging that he had slandered her, by uttering on different occasions words charging her with fornication. The petition did not show that the defendant was an infant. Summons was issued upon it which was served upon the defendant. No answer having been filed to the petition, its allegations were taken as confessed, and a jury was sworn, who without hearing evidence returned a verdict against the defendant for the sum of $5,000. On October 14, 1904, an execution was issued on the judgment, which was levied upon a tract of land belonging to the defendant. The land was sold by the sheriff for $100 and purchased by the plaintiff. On February 21, 1905, Holland brought this suit against Lula Berryhill, setting out the above facts, and alleging that he was at the time an infant 17 years of age; that no guardian ad litem was appointed for him in the suit in which the judgment was rendered; that the fact that he was an infant was not disclosed in that action; and that no evidence was heard by the jury. He prayed that the judgment and proceedings be declared null and void. The defendant demurred to the petition, her demurrer was overruled, the case then submitted, and the court entered a judgment as prayed. From this judgment she appeals.

As the defendant was served with process in the slander suit, and was properly before the court which had jurisdiction of the action, the judgment was not void; but, as the defendant was an infant, no judgment could properly be rendered against him until the regular guardian or a guardian ad litem made defense or filed a report stating that after careful examination of the case he was unable to make defense. Civil Code of Practice, section 36. The petition could not be taken as confessed against the infant. Its allegations were traversed by law, and no judgment could be rendered upon the petition against the infant without proof. Civil Code of Practice, section 126. The judgment against the infant was therefore erroneous.

Where an erroneous judgment is rendered against an infant, and the error is apparent upon the face of the proceedings, the remedy is by appeal. An appeal may be prosecuted by the infant at any time during his infancy, or within one year after the removal of his disability; but, where the error is not shown on the face of the record, there can be no remedy by appeal. In this state of case the remedy is given by section 518 of the Civil Code of Practice, which provides, among other things: "The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it, * * * for erroneous proceedings against a person under disability, except coverture, if the condition of such defendant do not appear in the record, nor the error in the proceedings." Here the condition of the defendant did not appear in the record, nor the error in the proceedings. In section 520 of the Civil Code of Practice it is also provided: "The proceedings to vacate or modify the judgment on the grounds mentioned in subsections 4, 5, 6, 7, and 8 of section 518, shall be by petition verified by affidavit, setting forth the judg-

ment, the grounds to vacate or modify it, and the defense to the action if the party applying was de-fendant. On the petition the proceedings shall be the same as those in the action in which the judgment was rendered.''

It is insisted for the appellant that the petition in this case was not verified by affidavit. Advantage might have been taken of this in the circuit court by a rule to verify the petition, but it is not ground of demurrer. It is also insisted that the petition does not set forth any defense to the action of slander, and that for this reason it is not sufficient under section 520 of the Civil Code of Practice. There would be much force in this objection, if the defendant had not been an infant at the time the judgment was rendered against him, and if the law had not provided that all allegations of a petition against an infant must be proved, though not traversed. Here there has been a judgment for $5,000 against an infant, without any defense by a guardian or a guardian ad litem, and without any proof. Such a judgment cannot be permitted to stand. The circuit court should not have adjudged the judgment and execution sale void, but he should have entered an order setting aside the judgment and execution sale and allowing the defendant, who is now of age, a reasonable time to file an answer in the slander suit. On the return of the case to the circuit court, the original action will be placed again on the docket. The judgment and all proceedings under it will be set aside. An order will then be made suggesting that the defendant is now of age, and giving him reasonable time to answer. If he fails to answer within the time given, the petition may then be taken for confessed, as he is now of age.

Judgment reversed, and cause remanded for further proceedings consistent herewith