## Wilson, et al. v. Taylor.

(Decided December 2, 1915.)

### Appeal from Daviess Circuit Court.

Wills—Declarations of Testator—Not Evidence of Undue Influence.—Statements or declarations of the testator, whether made before or after the execution of the will, are not competent as direct evidence of undue influence, but are admissible to show the mental condition of the testator at the time of making the will and his susceptibility to influence by which he was surrounded at the time.

FLOYD J. LASWELL and W. T. ELLIS for appellants.

E. B. ANDERSON and LOUIS I. IGLEHEART for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

This is a will contest case, the appeal being prosecuted from the judgment of the circuit court sustaining the will of James Taylor, which was attacked by his relatives on the ground that its execution was procured

by the undue influence of his wife, Helen Taylor, the sole devisee.

It appears from the evidence that James and Helen Taylor were married in 1893, and that no issue was born of the marriage. In 1910 James Taylor owned a farm in Daviess County, and in August of that year he conveyed to his wife, Helen, an undivided one-half interest in the land. In 1912 James Taylor and his wife simultaneously executed separate wills in which they devised to each other all of their property, and in 1913 James died. Later his will was probated in the county court, and from the order of probate the present appellants prosecuted an appeal to the circuit court.

There was evidence on the part of the contestants tending to show that Taylor was induced to make the will he did by the undue influence of his wife, who, witnesses said, dominated his life and conduct by importunity and threat; and there was also evidence tending to show that his wife was too intimate with one Peter Easten, the person who shot and killed Taylor.

On the other hand, there was evidence in behalf of the contestee tending to show that the act of Taylor in making the will was voluntary and not induced by the exercise of any improper influence on the part of his wife. It is also shown in behalf of his wife that Taylor had often said that his wife had by her industry and faithfulness helped him to accumulate the property, and he intended that she should have it after his death.

Counsel for the contestants give much attention to evidence tending to show criminal intimacy between Helen Taylor and Peter Easten, and also to some evidence conducing to show that there was a conspiracy between Helen Taylor and Peter Easten to kill James Taylor, and that in pursuance of this alleged conspiracy Taylor was at one time poisoned by her and finally killed by Peter Easten. But this evidence, which is rather vague and uncertain, does not of itself establish any undue influence exercised by Helen Taylor in the procurement of the will, although it does in a way corroborate the witnesses, who, over objection, testified to declarations made by James Taylor that he was influenced to make the will by the threats of his wife and the fear that she might do him some harm. The statements and declarations, however, of James Taylor, whether made before or after the execution of the will,

were not competent as substantive evidence. They were merely admissible to show the mental condition of the testator at the time of the making of the will: Wall v. Dimmitt, 114 Ky., 923.

It should also be said that the evidence for the contestee was to the effect that the testator was a man of firm convictions and at no time improperly influenced by his wife to do anything, and that their relations were very agreeable.

At any rate, all of this evidence was before the jury, and it is plain that the verdict is not so flagrantly against the evidence as to warrant us in disturbing it on this ground. Evidently the jury accepted the evidence of the propounder in preference to that offered by the contestants, and this they had the unquestioned right to do.

The instructions are criticized, but we think they submitted fairly the law of the case.

The only issue was, whether the execution of the paper was procured by undue influence or fraud, which are in many respects the same, because when a person obtains the execution of a paper by undue influence the exercise of this influence is fraud. It further appears that on the trial of the case the attorneys for the appellants were well satisfied with the instructions, as they did not offer any or object at the time to the instructions that the court gave.

A further ground of reversal relied on is the refusal of the trial court to set aside the judgment and the verdict thereon on the ground of newly discovered evidence. This newly discovered evidence was exhibited in the affidavit of a witness who detailed some conduct of Helen Taylor at the time her husband was poisoned, from which it might be inferred that she attempted to administer poison to him for the purpose of taking his life. This newly discovered evidence, however, would not, we are sure, have affected the result if it had been offered on the trial. It was uncertain and circumstantial in its nature, only corroborating in some slight degree other evidence to the same effect offered by the contestants.

We find no reason for disturbing the judgment, and it is affirmed.