### Haddix, et al. v. Walter.

(Decided November 28, 1924.)

## Appeal from Wolfe Circuit Court.

1.  Judgment—Judgment Not Void is Not Subject to Collateral Attack.—Judgment not void is not subject to collateral attack.
2.  Judgment—Irregularities in Taking of Proof or Submission of Case Held Not to Render Judgment Void.—Irregularities, if any, in taking of proof in case, or its submission before report of guardian ad litem therein had been filed, held not to render judgment void.
3.  Judgment—Judgment in Suit to Set Aside Conveyance of Land Held Not Void, Nor Subject to Collateral Attack.—Judgment in suit to set aside conveyance of land entered on pleadings and proof, with consent of parties by court having jurisdiction of subject-matter and parties, held not void, nor subject to collateral attack.

E. C. HYDEN for appellants.

S. M. NICKELL for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an action of ejectment brought by the appellants against the appellee to recover certain lands on Red

river in Wolfe county, Kentucky, which appellants claim to own.

It appears from the pleadings and proof that, about the year 1903, E. M. Walter and his wife, Martha, divided their land by title bonds among their children. A portion of the land so divided, being the land in question in this case, was given to their daughter, Lula Rose. Later Lula Rose assigned her title bond to her sister, Maggie Arnett. Still later Maggie Arnett sold and conveyed the land in question, and which she had so acquired from Lula Rose, to her sister, Tennessee Haddix, the mother of the appellants. The consideration for this conveyance was paid partly by the transfer of two mules from Tennessee Haddix to Maggie Arnett. The balance of the purchase price was evidenced by a lien note. In the fall of 1908, and shortly after the conveyance above mentioned, Maggie Arnett brought suit in the Wolfe circuit court against Tennessee Haddix and her husband, E. B. Haddix, to set aside the said conveyance, on the ground of fraud and duress. Summons was properly served on Tennessee Haddix and her husband, but before any further steps could be taken in that action, Tennessee Haddix died intestate, leaving surviving her as her only heirs at law the four appellants, her children, and her husband, E. B. Haddix. The appellants are claiming in this case to own the land in dispute as such heirs of their mother.

After the death of Tennessee Haddix, at the following term of court in January, 1909, an affidavit was filed by the plaintiff in the case of Arnett v. Haddix, reciting the death of Tennessee Haddix, and setting out the names and ages of her heirs, the four appellants and her husband, E. B. Haddix, and further setting out the fact that she had died intestate, and that no administration had been granted upon her estate. On motion duly made and supported by said affidavit, the court, after noting of record the death of Tennessee Haddix, entered an order reviving the said action of Arnett v. Haddix against the heirs of said Tennessee Haddix, which said order of revivor made said heirs defendants, and directed that they appear and defend the action. Thereafter said order of revivor was executed by the sheriff delivering to each of the appellants and also to their father, E. B. Haddix, a copy of said order; the return of the sheriff showing that

the said appellants, who were then all infants, had no guardian, curator, or committee at the time. After the service and return of these orders to the circuit clerk by the sheriff, depositions were taken for the plaintiff, Arnett, in her said action. Mr. S. G. Sample, who had theretofore been representing, as attorney, Tennessee and E. B. Haddix, appeared and represented the appellants and said E. B. Haddix in the taking of the depositions. It further appears that, while the suit of Arnett v. Haddix was pending, and before the death of Tennessee Haddix, Lula Rose and her husband made a deed of the land in question to said Tennessee Haddix, for the purpose of vesting in the vendee of Maggie Arnett the title which Lula Rose had sought to vest in Maggie Arnett by the aforesaid assignment of her title bond. And so, in order to cancel this deed also, Lula Rose and her husband were made, by amended petition, parties to the suit of Arnett v. Haddix, were duly served with summons, and appeared and answered the suit through Mr. Sample, their attorney.

Following the taking of the depositions above mentioned, at the January, 1910, term of the Wolfe circuit court, an order was entered in the case of Arnett v. Haddix, reciting that the appellants had been duly served with the order of revivor, and that the action then stood fully revived. At this same term, plaintiff Arnett filed a motion, supported by the proper affidavit, for an appointment of a guardian *ad litem* for the four appellants, who were then infants, and thereupon such guardian *ad litem* was appointed; the aforesaid Mr. S. G. Sample being the appointee. He had theretofore filed an answer for the said infants, and at the same term of his appointment he filed exceptions to the depositions which had been taken, and obtained time to take depositions for the defendants in that case. Thereafter, and during the taking of such depositions, a compromise of the litigation then pending was proposed by S. G. Sample as guardian *ad litem* of the infants. This compromise was agreed to by E. B. Haddix, their father, and the plaintiff Arnett. In substance the parties agreed that the deeds of Maggie Arnett and Lula Rose to Tennessee Haddix should be set aside and held for naught; the unpaid purchase money note should be cancelled and in lieu of the return of two mules given by Tennessee Haddix to Maggie Arnett, the appellee, who was a brother to Maggie Arnett and Tennessee

Haddix, and the uncle of the appellants, should convey to the four appellants a certain tract of land formerly owned by their father, E. B. Haddix, but which had been sold at an execution sale against him and bought in by the appellee.

At the next term of court, a judgment having been drafted by the parties in accordance with this understanding, the case was submitted to the court on the pleadings and proof therein taken, and, after a statement to the court by the attorneys and the guardian *ad litem* of the issues and proof, the court entered as its own the judgment theretofore drafted. Thereupon the appellee in this case conveyed by deed, in which said E. B. Haddix joined, the property he had agreed to convey to the appellants, and the deed of Maggie Arnett and Lula Rose to Tennessee Haddix was set aside, the land covered by it decreed to be Maggie Arnett's, and the purchase note cancelled. Some three or four years later Maggie Arnett conveyed the said land so recovered to appellee, and he now holds said land under said deed.

When the above mentioned facts, which are fully disclosed by the evidence that is practically undisputed, were pleaded in the answer and counterclaim of the appellee, the appellants, by a pleading styled "amended petition and reply," sought to avoid the effect of the said judgment in the case of Arnett v. Haddix by attacking it as void, and again prayed the relief asked in the original petition. This attack in this case by appellants on the judgment in the case of Arnett v. Haddix is a collateral attack, and cannot avail if the judgment in said case is not void. Dennis v. Alves, 117 S. W. 287 (not elsewhere printed); Wayne v. Brumley, 190 Ky. 488.

That said judgment is not void is obvious. The irregularities, if any, in the taking of the proof in this case or in its submission before a report of the guardian *ad litem* was filed, did not make the judgment void, but simply erroneous. Reynolds v. Steel, 170 Ky. 153; Berryhill v. Holland, 124 Ky. 615; Oliver v. Park, 101 Ky. 1.

The judgment which was entered was the judgment of the court. It is true the parties agreed to it, the infants by their guardian *ad litem,* but said judgment was entered on the pleadings and proof before the court, and after he had been advised by the parties of the issues and the evidence and what in their judgment was a proper solution of the matter. The court having jurisdiction

of the subject matter of the suit and of the parties, and entering the judgment it did as its own, the judgment was not void. Cf. Ogden v. Stevens, 98 Ky. 564; 31 Corpus Juris, pp. 1142, 1168; Skidmore v. Cumberland Valley Land Co., 126 Ky. 576; Minor v. Cecil, 188 Ky. 157.

As the judgment in the case of Arnett v. Haddix cannot be collaterally attached, as here attempted, and as it presented a full defense to the appellants' cause of action, until it be reversed or vacated or modified in the proper fashion, it is unnecessary to discuss the other questions raised by appellants.

Since the judgment of the lower court in dismissing the appellants' petition is in accordance with the views of this court, as herein set out, it is therefore ordered that said judgment be affirmed.

Judgment affirmed.