## Cain, et al. v. Hall, et al.

(Decided December 15, 1925.)

### Appeal from Madison Circuit Court.

1. **Infants—Service on and Answer of Guardian Ad Litem of Infants. Appointed in Manner Not Complying with Pertinent Statutes, did Not Bring Such Infants Before Court.**—In partition suit, service on and answer of guardian ad litem of infants under 14 years of age, appointed in manner not complying with pertinent statute (Civil Code of Practice, sections 38, 52), did not bring such infants before the court.

2. **Infants—Service Upon Mother of Copy of Summons Containing Names of Each of Defendant Infants Held Sufficient Compliance with Statute, so as to Bring Infants Before Court.**—Service upon mother of copy of summons containing names of each of defendant infants held sufficient compliance with statute (Civil Code of Practice, section 52), so as to bring infants before court, notwithstanding additional copies were not delivered to her for each of the infants; hence order of sale was not void or even voidable.

3. **Infants—Appointment of Guardian Ad Litem of Infants Under 14, Made Before Summons in Partition in which Their Mother was Defendant, was Premature, and at Least Voidable, if Not Absolutely Void.**—Appointment of guardian ad litem of infants under 14, made before summons in partition in which their mother was defendant, was premature, and at least voidable, if not absolutely void, in view of Civil Code of Practice, sections 38, 52.

4. **Infants—Absence of Defense by Either Statutory Guardian or Guardian Ad Litem of Infants Before Court Rendered Judgment Erroneous, but Not Void.**—The absence of a defense by either a statutory guardian or the guardian ad litem of infants before the court rendered the judgment against them erroneous under Civil Code of Practice, section 36, subsection 3, and not void; hence such judgment was not subject to collateral attack.

5. **Judgment—Judgment which is Merely Voidable and Not Void Cannot be Attacked Collaterally.**—Judgment which is merely voidable and not void cannot be attacked collaterally.

6. Judgment—Petition for Partition, Based on Collateral Attack upon Judgment Not Void, was Properly Dismissed.—Petition for partition, based on collateral attack upon judgment in former action of partition in which such judgment was not void, but merely voidable, was properly dismissed.

G. MURRAY SMITH for appellants.

J. P. CHENAULT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

In 1882 N. B. Johnson died intestate, a resident of Madison county and the owner of a tract of land containing about thirty acres. He was survived by his widow and six children. In 1904 after the death of his widow and his son, J. B. Johnson, a suit was instituted in the Madison circuit court by some of his heirs against the others to sell the thirty-acre tract of land for partition.

A sale was ordered at which the appellee, Martha Hall, became the purchaser as $4,500.00. The land was appraised before the sale at $425.00. The sale was confirmed. She paid the purchase bond and pursuant to order a deed was executed to her by the master commissioner and approved by the court in February, 1907.

The appellants, who are the children and heirs of J. B. Johnson and their mother, Mollie Johnson, were made parties defendant to that action; and the deed executed by the commissioner to appellee, Martha Hall, purported to convey their one-sixth undivided interest in the land.

In 1924 they instituted this action against Mrs. Hall and her husband seeking a sale of the land for partition, alleging that Mrs. Hall was the owner of an undivided five-sixth interest therein by reason of her purchase at the judicial sale, supra, and that they were the owners of the remaining one-sixth interest, as heirs of their grandfather, N. B. Johnson.

For answer she denied that they owned any interest in the land; pleaded her title to the whole of same under the above sale and deed and filed with her answer parts, but not all of the record in that case. Appellants' demurrer to this answer having been overruled they declined to plead further and their petition was dismissed.

For reversal of that judgment they insist that the sale and deed to Mrs. Hall in the former action are void as to them, (1) because they were then infants under fourteen years of age and were not served with process as required by section 52 of the Code, and (2) because the appointment of the guardian *ad litem,* who was served and attempted to answer for them, was also void. The petition was verified by one of the plaintiffs and contained the averment that appellants were infants under fourteen years of age and had no guardian, curator or committee in this state. Thereupon the clerk appointed J. T. Jackson guardian *ad litem* for them and issued a summons and nine copies commanding the sheriff to summon each of the named defendants, including appellants. The sheriff's return on the summons shows that it was executed on August 12, 1904, by delivering a copy thereof to each of the adult defendants, including Mollie Johnson, the mother of appellants, and "also copies to J. T. Jackson, guardian *ad litem* for Joe Johnson, Carl Johnson, Bessie Johnson and Grace Johnson, infants under fourteen years of age. J. B. Johnson is dead." The last six named parties are the appellants and plaintiffs in this action. As they were then infants under fourteen years of age, their father was dead, they had no guardian and their mother was a defendant, the summons for them had to be served upon their mother and the prior appointment of a guardian *ad litem* for them was not authorized by either section 38 or 52 of the Code or at all. Hence neither the appointment of the guardian *ad litem* nor the service of summons upon him for the infants was in any sense a compliance with section 52; and neither the service upon him nor his answer for them brought them before the court. Allsmiller v. Freutchenicht, 86 Ky. 198, 5 S. W. 746; Roy v. Allen's Administrator, 118 S. W. 981.

But a copy of the summons which contained the name of each of appellants as defendants was served upon their mother and this, under numerous decisions of this court, was a substantial compliance with section 52 and sufficient to bring appellants before the court, although additional copies were not delivered to her for each of appellants. Cheatham v. Whitman, 86 Ky. 614, 6 S. W. 595; Donaldson v. Stone, 11 R. 27; 11 S. W. 462; Rodgers v. Rodgers, 17 R. 358, 31 S. W. 139; Webb v. Webb, 190 Ky. 574, 228 S. W. 13. It results, therefore,

that appellants were before the court and the sale and conveyance of their undivided one-sixth interest in the land to Mrs. Hall was not void or even voidable for the first reason assigned.

Since the guardian *ad litem* for appellants was appointed before they were summoned and their mother was a defendant, the appointment was premature and at least voidable, if not absolutely void, as it was held to be under similar circumstances in Allsmiller v. Freutchenicht and Roy v. Allen's Administrator, *supra*.

But whether void or merely voidable is immaterial in this case since, although subsection 3 of section 36 of the Code provides that "no judgment shall be rendered against an infant . . . until the regular guardian or committee or guardian *ad litem* of such defendant shall have made defense or have filed a report," we uniformly have held where the infant defendant was before the court the absence of such defense by either the statutory guardian or guardian *ad litem* only rendered the judgment erroneous and not void. Schuck v. Stall, 6 R. 364; Robinson v. Clark, 17 R. 1401, 34 S. W. 1083; Norfleet v. Logan, 21 R. 1200, 54 S. W. 713; Siler v. Archer's Guardian, 26 R. 557, 82 S. W. 256; Keller v. Wilson, 90 Ky. 350, 14 S. W. 332; Berryhill v. Holland, 30 R. 831, 99 S. W. 902; Reynolds v. Steele, 170 Ky. 153, 185 S. W. 820; Crume, et al. v. Sherman, 185 Ky. 376, 215 S. W. 196.

The rule is also thoroughly established in this jurisdiction that a judgment which is merely voidable and not void can not be attacked collaterally. Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728; Oliver v. Belcher, 205 Ky. 417, 265 S. W. 942; Haddix, et al. v. Walker, 205 Ky. 740, 266 S. W. 631; National Surety Company v. Taylor's Guardian, 200 Ky. 728, 255 S. W. 542.

As this is clearly a collateral attack upon the judgment in which the land was sold and conveyed to Mrs. Hall (Taylor, et al. v. Asher, et al., 183 Ky. 563, 209 S. W. 533), and that judgment is not void but at the most voidable, it results that the chancellor did not err in overruling appellant's demurrer to the answer or in dismissing the petition.

Judgment affirmed.