## Rixman et al. v. Clashman.

November 26, 1946.

Hardy & Logan and Ewing L. Hardy for. appellants.

Anna H. Settle and Ballard Clark for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

In this action the appellants sought to show that Carrie F. Golden, deceased, had revoked a will executed in 1935 under which she left the bulk of her estate to her stepdaughter, Mary G. Clashman by the execution of a subsequent will in 1938. They clearly established that Mrs. Golden prepared a second will in her own handwriting in 1938 and had it witnessed by two persons. However, neither of the witnesses read the. will nor knew anything about its contents other than statements made to them by Mrs. Golden. There was no testimony showing that the second will contained a clause revoking the first one. Several persons said that Mrs. Golden told them she was not satisfied with her first will and that she was going to prepare another one making different provisions for the disposition of her property; but, as indicated, no witness testified that the second will contained provisions inconsistent with or repugnant to the first one. Mrs. Clashman said Mrs. Golden destroyed the second will.

It has been pointed out frequently that the making of a subsequent will does not of itself nullify a former one, unless it contains a clause of revocation or is substantially inconsistent with it. Muller v. Muller, 108 Ky. 511, 56 S. W. 802. Statements such as were made by Mrs. Golden are competent only in connection with substantive testimony and are admissible only to show the mental condition of the testatrix at the time of the making of the second will. They are not sufficient of themselves to establish its contents. Wilson v. Taylor, 167 Ky. 162, 180 S. W. 45; Wood v. Wood, 241 Ky. 506, 44 S. W. 2d 539; Welch's Adm'r v. Clifton, 294 Ky. 514, 172 S. W. 2d 221, 148 A. L. R. 1220. See also the case of Allen v. Lovell's Adm'x, 303 Ky. 238, 497 S. W. 2d 424. Under the circumstances, the chancellor properly directed a verdict in

418

favor of Mrs. Clashman at the conclusion of the evidence offered by the appellants.

Judgment affirmed.